**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JULIO C. DE LA TORRE, )<br>)<br>Defendant. )<br>_____) | **CRIMINAL ACTION**<br><br>No. 08-10007-01 |

**MEMORANDUM AND ORDER**

This case is before the court for resentencing in accordance with <u>United States v. De La Torre</u>, 599 F.3d 1198, 1207 (10th Cir. 2010).

By letter of March 31, 2010, the court established the procedure for consideration of the remanded issue, i.e., whether defendant is entitled to safety-valve credit (Doc. 50). Pursuant to the letter, the parties filed sentencing memoranda (Docs. 52, 52-1, 54 and 55). In addition to reviewing these submissions, the court reviewed the trial testimony of police officer Joseph J. Springob (Doc. 41) and the transcript of defendant's sentencing hearing (Doc. 47). Neither party requested an evidentiary hearing.

The facts underlying defendant's conviction and sentence are set forth in the Tenth Circuit's opinion. Defendant filed three objections to the presentence report. The second objection was that he did not receive safety-valve credit. The Tenth Circuit noted that "The district court categorically concluded that trial testimony alone can never support safety-valve consideration and denied De La Torre's request." It also noted, <u>erroneously</u>, that the "district court did not permit him the opportunity [to produce evidence at sentencing]."

Id. at 1206-07.

The transcript reveals how the court actually handled the objection:

> THE COURT: All right. The second objection is the safety-valve. That seems fairly straight forward. He's not eligible for that unless he's debriefed.
>
> MR. HENDERSON: Your Honor, our position on that is it's true that prior to the trial that we were invited to participate in a debriefing and at that time in large response to the decision to go forward with trial, Mr. Delatorre was not debriefed; however, Mr. Delatorre did testify and he was under oath and the Government questioned him. And if Your Honor remembers the responses to the Government's questions, they were very candid, very straightforward. And from my perception, I think the Government was a little surprised at how -- at the responses. In essence, I think Mr. Delatorre admitted to aiding and abetting through his testimony. That, we respectfully submit, is every bit as good as a debriefing. The Government had an opportunity to ask him --
>
> THE COURT: What --
>
> MR. HENDERSON: -- to ask him questions.
>
> *THE COURT: Oh, do you have any authority that says that if the Defendant testifies that in and of itself satisfies the requirements for a safety-valve sentence?*
>
> *MR. HENDERSON: I don't, Your Honor*, but I think there's a parallel there. I think the same thing that

happens in debriefing happened at the time of the cross-examination; and in addition to that, not only was he answering the questions by the Government, but at the same time he was under oath.

*THE COURT: Well, I'm sorry, but I can't give him safety-valve credit unless you can provide me with some authority that says that he has in fact met the safety-valve by simply testifying at trial. That's the first time I've ever heard that. I'll ask Mr. -- I'm going to talk to Mr. Blessant before I impose sentence; but if there's any case law out there, that's the first time I've ever heard of that one. I appreciate your inventiveness, however.*

MR. HENDERSON: Thank you, Your Honor.

* * *

*THE COURT: All right. Mr. Delatorre, I'm going to ask you at the appropriate time whether you want to make a statement; but at this point in time when I'm trying to decide whether or not to grant these, or sustain these objections and grant a variance, do you have anything that you want to say?*

*DEFENDANT MR. DELATORRE: No, Your Honor.*

*THE COURT: All right. We'll take a short recess and I'll talk with Mr. Blessant, the probation officer.*

(Recess.)

*THE COURT: All right. I've discussed the case with Mr. Blessant. . . .*

*The second objection, neither -- there doesn't seem to be*

> *anybody who is aware of a case that would say that testifying at trial meets the requirements for a safety-valve debriefing and I don't think it does.* I've not ever participated in a safety-valve debriefing, but that generally involves, based on what I hear in court, the defendant naming names and providing information to the Government that can be used effectively to prosecute somebody else, not just that they testified. Certainly there was no announcement at the time that the Defendant was called as a witness that he was prepared to name names and do things like that that would ordinarily be consistent with the safety-valve debriefing. *So that objection is overruled.* (Emphasis supplied).

Some might say that affording defense counsel an opportunity to support his position with authority, giving defendant an opportunity to speak to the objection and consulting the probation officer before making a final ruling, all with negative results, is a little more than a "categorical denial." But the Circuit has spoken, albeit inaccurately.[1]

U.S.S.G. § 5C1.2(a)(5) provides that safety-valve credit can be given when:

---

[1] The rulings of this court have been reversed many times. The court understands and respects the Tenth Circuit's obligation to correct this court's erroneous rulings. But when it does, it seems reasonable that it would do so after an accurate review of the record. The Circuit had the sentencing transcript (Doc. 47) which was contained in volume III of the record on appeal. The transcript unequivocally shows at p. 13 that this court gave defendant the opportunity to produce evidence regarding the safety-valve issue. It is hard to understand how this could have been overlooked, especially since the transcript is only 19 pages. Whether a correct reading of the transcript would have affected the panel's decision will never be known.

> [N]ot later than the time of the sentencing hearing, the
> defendant has truthfully provided to the Government all
> information and evidence the defendant has concerning the
> offense or offenses that were part of the same course of
> conduct or of a common scheme or plan, but the fact that
> the defendant has no relevant or useful other information
> to provide or that the Government is already aware of the
> information shall not preclude a determination by the court
> that the defendant has complied with this requirement.

Defendant's position is that his trial testimony is sufficient to meet his burden to demonstrate entitlement to safety-valve credit. The government responds that defendant's trial testimony did not fulfill his burden because the testimony did not give the government a full opportunity to seek all evidence related to the crimes charged:

> During the defendant's testimony the United States could
> not question the defendant about his prior gang affiliation
> and its connection to the individuals believed to be in the
> hotel room. The United States could not present the
> defendant photos of individuals it believed were at the
> hotel in an effort to determine the other guests' identity
> and locate the possible source for the drugs. The United
> States could not ask the defendant about the subsequent
> murder of one of the individuals it believed was at the
> hotel with the defendant. These types of questions would
> clearly not be allowed to be asked by the government during
> the trial, but would be type of questions asked during a
> safety-valve type debrief. Therefore, because the
> defendant's testimony is not "complete" his testimony does
> not qualify for safety-valve consideration. See United
> States v. Gonzalez-Montoya, 161 F.3d 643, 652 (10th Cir.
> 1998)("defendant must affirmatively volunteer all he knows,
> including facts beyond the basic elements of the crime.").

(Doc. 54 at 2-3).

In his reply, defendant agrees that the government could not ask him at trial about his prior gang affiliation and its connection to individuals in the hotel room, nor could it ask him about a murder. Defendant's reply to the government's argument regarding the photographs is that the government did not attempt to show photographs and had it done so, there would have been no legal objection that

-5-

defendant could have raised.  Once again, the court must agree with defendant.

The government also argues that defendant did not testify truthfully.  It points to his testimony that he did not know the other individuals in the hotel room and that he did not use any methamphetamine during the five days he stayed at the hotel.  The court agrees that it is pretty hard to swallow that defendant spent five days in a hotel room with people he did not know.  But the circumstances have to be considered: a bunch of people sitting or lying around smoking marijuana and perhaps using other drugs is not exactly an Emily Post scenario.  Morever, there was no evidence presented at trial that defendant <u>did</u> know any of the individuals, nor has the government proffered such evidence now.

Defendant's defense was that he did not know that the backpack he carried from the hotel and threw into the culvert contained methamphetamine.  Defendant testified that he thought it contained only marijuana.  The government points to testimony by Officer Springob about statements defendant made to him after his arrest regarding use of methamphetamine.  The government argues that Officer Springob's testimony is sufficient to demonstrate that defendant lied about not knowing that methamphetamine was in the backpack.  The court disagrees.  At most, Officer Springob's testimony is equivocal. Defendant's actual knowledge regarding whether methamphetamine was in the backpack was not an element of proof.  This is made clear by the Circuit's rejection of defendant's arguments about the elements instruction pertaining to 21 U.S.C. § 841(a)(1).  Had the government been required to prove defendant's actual knowledge of the

methamphetamine, the jury's verdict would have resolved the issue of defendant's truthfulness on that point. In other words, under the instructions, the jury convicted defendant without having to decide whether defendant's or Officer Springob's testimony was the more credible.

While this court does not agree with the Circuit's decision based on the reasons stated herein, it does agree with the panel's observation that "though undoubtedly rare, there are circumstances in which trial testimony could be sufficiently thorough so as to constitute adequate compliance with [§ 5C1.2(a)(5)]" id. at 1207. Albeit reluctantly, this court concludes that this is such a case.

Accordingly, in accordance with the Tenth Circuit's remand, defendant is given safety-valve credit. His sentence is reduced to 97 months confinement followed by supervised release of 3 years concurrent. The other provisions of the original sentence remain as before. The probation officer is directed to prepare and circulate the necessary papers.

IT IS SO ORDERED.

Dated this __25th__ day of May 2010, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE